# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 15-1150** (BOR Appeal No. 2050477)
(Claim No. 2013035112)

**CHARLES PERKINS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Aimee M. Stern and Denise D. Pentino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charles Perkins, by his attorney, Robert Stultz, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed the May 6, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 22, 2014, decision denying the request to reopen the claim and the claim administrator's November 10, 2014, decision denying the addition of lumbar herniated disc and lumbar radiculopathy as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Perkins, a coal miner, injured his lumbar spine on June 21, 2013, when he was lifting a hydraulic jack. He was treated in the emergency room on June 22, 2013, and diagnosed with lumbosacral radiculopathy. The employee's and physician's report of injury lists a diagnosis of lumbar radiculopathy. Mr. Perkins sought treatment from John H. Manchin, D.O., his family physician. Dr. Manchin ordered a CT scan which revealed multilevel degenerative disc and facet disease in the lumbar spine with a disc bulge in the left foraminal zone of the L4-L5 encroaching on the left L4 nerve root.

1

The claim was accepted as compensable for a lumbar strain. Mr. Perkins continued to work for the employer while he treated with Dr. Manchin. He received temporary total disability benefits during the periods of time in which he was unable to work. Dr. Manchin eventually referred him to John Brick, M.D., a neurologist. On August 29, 2013, Dr. Brick diagnosed lumbago and requested an MRI. The October 2, 2013, lumbar MRI revealed multilevel degenerative changes including a broad-based disc bulge at L3-L4 and an asymmetric disc bulge at L4-L5 extending to the left neuroforamen with a left foraminal disc protrusion abutting and likely compressing the exiting left L4 nerve root at L4-L5.

Dr. Brick referred Mr. Perkins to Richard Vaglienti, M.D., for pain management. He performed two epidural steroid injections. When those did not provide sustained significant relief, Mr. Perkins was referred to Russell Biundo, M.D., a physical medicine and rehabilitation specialist. Dr. Biundo saw Mr. Perkins for the first time on May 21, 2014. Dr. Biundo diagnosed left L5 radiculopathy, most likely secondary to the disc protrusion to the left L5-S1 foramen. He recommended a left L5 nerve root injection followed by physical therapy. Mr. Perkins did not have the nerve root injection, but he responded well to physical therapy and Neurontin. Dr. Biundo released him to return to work with no restrictions on August 22, 2014.

Bill Hennessey, M.D., performed a medical records review on November 11, 2014. In his opinion, Mr. Perkins did not have a lumbar disc herniation. He had left L4 radiculopathy but that was caused by the degenerative changes, not the work injury.

Mr. Perkins submitted a reopening application requesting an additional period of temporary total disability benefits on July 3, 2014. On July 22, 2014, the claims administrator rejected the request because the findings of degenerative conditions on the MRI were not compensable. On August 29, 2014, Dr. Biundo requested lumbar radiculopathy and lumbar herniated disc be added as compensable conditions in the claim. The claims administrator rejected that request on November 10, 2014, because the requested diagnoses were not related to the claim. This decision was based on the June 26, 2013, CT scan showing multilevel degenerative disc and facet disease.

In its May 6, 2015 Order, the Office of Judges reversed the claims administrator's rejection of the reopening for additional temporary total disability benefits and reversed the claims administrator's denial of the request to add lumbar radiculopathy and herniated disc as secondary diagnoses. It found the opinion of Dr. Biundo to be the most persuasive. Dr. Biundo determined Mr. Perkins needed additional physical therapy and diagnostic testing for the work injury. He also opined that the lumbar radiculopathy and lumbar herniated disc were related to the injury. Therefore, the claims administrator erred in its denial of the additional period of temporary total disability benefits and its denial of the request to add the compensable conditions. The Office of Judges ordered the claim be reopened for temporary total disability benefits for the period from June 2, 2014, through July 7, 2014, and for such additional periods as substantiated by proper medical evidence. It also ordered the claims administrator enter an Order adding lumbar radiculopathy and lumbar herniated disc as compensable conditions in the claim.

The Board of Review adopted the Office of Judges' findings of fact and conclusions of law in its October 28, 2015, decision affirming its Order. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Perkins was originally diagnosed with lumbar radiculopathy and his symptoms have been consistent since the date of injury. He returned to work when he was able. The medical evidence supports the addition of the compensable diagnoses and additional periods of temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II